## Jesse Key v. The State.

### No. 2713. Decided November 12, 1913.

#### 1.—Maiming—Simple Assault—Charge of Court.

Where, upon trial of maiming, the evidence showed that defendant bit off a portion of the prosecutor's ear, and it was a question of fact whether he did so wilfully and maliciously, although he may have intended only to have committed a simple assault, there was no error in refusing to submit the issue of simple assault. Davidson, Judge, dissenting.

#### 2.—Same—Rule Stated—Wilful and Malicious—Words and Phrases.

It seems that the words, "wilful and malicious," have the same legal meaning in the case of maiming as do the words, "malice aforethought," in a murder case, and where the court submitted aggravated assault, this was all that was required.

Appeal from the District Court of Wichita. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of maiming; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. F. Hunter,* for appellant.—On question of the court's failure to charge simple assault: Bush v. State, 52 Texas Crim. Rep., 398; Marshall v. State, 34 id., 22; Young v. State, 7 Texas Crim. App., 75; Foundren v. State, 16 id., 48; Halsfell v. State, 29 id., 22; Miller v. State, 128 S. W. Rep., 117; McCutcheon v. State, 49 Texas Crim. Rep., 607; Flournoy v. State, 25 Texas Crim. App., 244.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of maiming, and given two years in the penitentiary.

The evidence is indisputable that appellant bit off a small part of the outer edge or rim of the ear during a fight with the assaulted party, Ashley. Ashley did not testify in the case. The State's witnesses show that a fight occurred between Ashley and appellant on the sidewalk or street in front of a pool room or billiard hall. The parties had played pool and Ashley had raised a disturbance in the pool hall because he had lost the game. Being rather profane Ashley was ordered out by the keeper of the hall. There is some conflict as to how the parties

got out of the pool hall on to the sidewalk. It seems, however, from the evidence that Ashley pulled the defendant out. Anyway, after they got upon the street they engaged in a personal altercation. There is evidence that Ashley struck the defendant with a beer bottle, and also cut his finger with a knife. These matters are not very important, however, except to show they were engaged in rather an animated personal encounter. When they "clinched" they fell upon the sidewalk, some of the evidence tending to show they had what they call a "dog-fall," but in any event appellant obtained the better of the fall and finally got on top of Ashley, and was holding him to prevent being cut with a knife. This is his view of the case, and his testimony is to that effect. He says Ashley was biting his neck, and he concluded he would bite him in the same way Ashley was biting him, so he reached down and thought he was biting upon the neck. Ashley screamed rather vociferously. Some of the parties approached the contestants and touched appellant upon the shoulder and told him to get off, which he did. This is shown by the State's witnesses, and also by the defendant's testimony. So it may be stated to be uncontroverted, when appellant got up, or at least when he turned Ashley loose he spat out of his mouth what he says he discovered to be a part of Ashley's ear, and what the witnesses show to be a small portion of Ashley's ear. This is described as being the small portion of the outer rim of it, and all the witnesses say less than one-third in amount or size of the ear.

Under our statutes in order to constitute maiming, disfiguring or the biting of the ear or the member mentioned in the indictment, it must be done wilfully and maliciously. If it is not so shown by the evidence, then the offense of maiming is not made out. The statute thus reads: "To maim is to wilfully and maliciously cut off or otherwise deprive a person of a hand, finger, toe, foot, leg, nose or ear, put out an eye, or in any way deprive a person of any other member of his body." Construing this statute this court in Bowers v. State, 24 Texas Crim. App., 542, held that the two elements of wilfulness and malice must combine. We are of the opinion that if appellant maliciously and wilfully bit the assaulted party's ear so as to disfigure him he would come within the definition of the statute. If he did not wilfully and maliciously do so, although he may have bit the ear, then the offense is not complete, and the evidence would not sustain the conviction. It is also laid down in 26 Cyc., 1598, that under the statutory rule there must be a premeditated design, and if the injury arises out of a sudden attack unconnected with any premeditated design, against the person, the offense is not complete. Quite a number of authorities are cited in support of this in foot note 26 found in the above authority. This rule is in conformity with our statute and seems to lay down the correct rule. It also seems to be a correct rule that where the inhibition is directed against an injury which disfigures, it is not necessary that the whole member should be mutilated or detached if the injury only impairs comeliness. The authorities also lay down the proposition

that the cutting or biting off a small portion of the member which does not disfigure the person, and could only be discovered by close inspection or examination, when attention is directed to it, will not constitute maiming under the statute. This is the rule laid down in the case of State v. Abrams, 10 Ala., 928.

This much is said to meet the questions suggested in the motion for a new trial and urged as error here, to wit: the failure of the court to charge upon simple assault. The court charged upon maiming and self-defense. The trouble between the parties came up in sort of an accidental way growing out of the alleged injured party's conduct and becoming angry and provoking the difficulty because he had lost a game or two of pool. The fight was an ordinary sudden one, and the testimony indicates it was brought about by Ashley and not the defendant. His testimony clearly raised the issue that it was not wilfully and maliciously done for the purpose of disfiguring or maiming, but it grew out of the fact that Ashley was biting him and was an incident and sudden impulse occurring during the fight while they were on the ground. The court fully charged all the issues favorable to the State, and the jury believing the State's side of it, gave him the minimum punishment in the penitentiary. If the court had charged upon simple assault the jury may have been more lenient in their verdict, and may have agreed with defendant's view of it. Unless the testimony of wilfulness and maliciousness incident to the alleged maiming or disfiguring excludes all other theories, and is so convincing that no other conclusion could have been reached, then appellant would be in error, and the court would not be required to charge on simple assault or on any minor grade of the offense. We think this rule is laid down by Chief Justice Roberts in Slattery v. State, 41 Texas, 619, but in order to show no error in this respect the evidence must be sufficiently cogent to overcome any idea except wilfulness and malice. The issue was raised that it was not maliciously and wilfully done, that is, that it was not done by premeditation and deliberation, etc., and we are of opinion, therefore, the court should have charged on the issue of simple assault. The statute, art. 772, Revised Code of Criminal Procedure, in stating offenses consisting of degrees, under the third heading, uses this language: "Maiming, which includes disfiguring, wounding, aggravated assault and battery, and simple assault and battery." Under this clause of the statute we are of opinion that the court should have submitted the issue of simple assault and battery. All the evidence shows the disfiguring was slight, and if it was done without malice and wilfulness, and there being no serious bodily injury, or circumstance to make it aggravated assault, then the issue of simple assault would be in the case. We are, therefore, of the opinion that appellant's attack upon the court's charge in this respect should be sustained.

The judgment ought to be reversed and the cause remanded.

After I wrote the above my brethren wrote the affirmance. I have seen no reason to change my views but do not care to write further.

*Affirmed.*

HARPER, JUDGE.—I agree to all the above opinion, except that portion wherein it is held that the case should be reversed because the court failed to submit the issue of simple assault. I do not think the evidence would raise that issue, taking, as stated by Judge Davidson. He says "appellant's testimony clearly raised the issue that the act of maiming was not wilfully and maliciously done, but it grew out of a sudden impulse occurring during the fight," and because of this state of facts the court should have charged on simple assault.

The fact that appellant bit off a portion of Ashley's ear is not questioned; that appellant is the person who thus maimed Ashley is not denied, nor is the fact that Ashley was maimed questioned; then, if the act was wilfully and maliciously done appellant would be guilty of maiming as defined in our statute is conceded in the above opinion. The question is, if the act was not done wilfully and maliciously, of what offense would appellant be guilty? The words wilful and malicious are thus defined under our decisions: "A 'wilful' act is one committed with an evil intent, with legal malice, without reasonable ground for believing the act to be lawful, and without legal justification. A 'malicious' act is one committed in a state of mind which shows a heart regardless of social duty and fatally bent on mischief; a wrongful act intentionally done without legal justification or excuse." (Bowers v. State, 24 Texas Crim. App., 549.)

It is thus seen that the words "wilful and malicious" have the same legal meaning in this character of case, as do the words "malice aforethought" in a murder case. (White's Ann. P. C., sec. 1225 and cases cited.) Following these cases, if the maiming took place under the immediate influence of sudden passion aroused by an adequate cause the issue of aggravated assault might be presented by the evidence, and the court submitted that issue in a way not complained of by appellant, but in such case the issue of simple assault could not arise. Our Penal Code provides: "If one intending to commit a misdemeanor, and, in the act of preparation for or executing the same, shall, through mistake, commit an offense, which in law is a felony, he shall receive the lowest punishment affixed by law to the offense actually committed."

So, in this case, if appellant, by the testimony introduced by him, raised the issue, that he *intended* only to commit a simple assault, yet the facts showing conclusively and beyond dispute that he committed the act of maiming in attempting to execute the assault, the law says, as recited in sec. 50 of the Penal Code, he shall be guilty of the offense actually committed, to wit: maiming, providing that he shall receive the lowest punishment for that offense. That is the only amelioration given under our laws, and, as appellant received the lowest penalty affixed by law for maiming, we, therefore, do not agree that the court

erred in refusing to submit the issue of simple assault, but think he ruled correctly in the premises, and as this is the only ground upon which Judge Davidson thinks the case should be reversed, we think the case should be affirmed, and it is so ordered.

*Affirmed.*

PRENDERGAST, PRESIDING JUDGE.—I concur in Judge Harper's opinion.