WILLIE PORTER V. STATE.

No. 24595. February 1, 1950.

*John M. Barron, Richard H. Cocke,* and *Cocke & Lawrence,* all of Bryan, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The conviction was for murder and the penalty assessed was death.

The appellant is a Negro who had been formerly married to the deceased. Just how long they had been divorced is not revealed by the record, but there appears to have been some negotiation between them, by correspondence regarding a second marriage.

Appellant went to the home of deceased on Sunday night, knocked on the door and was admitted upon telling the deceased who he was. They talked over the matter of remarriage, but without reaching a conclusion. She made coffee and they drank it. He then started to leave but she invited him to spend the night with her and he accepted the invitation. The next morning a neighbor went to the house, called for deceased but she failed to answer, and, upon observing some blood on a window curtain, called the mother of deceased. Appellant was seen by the mother and others standing at the back of the house. He jumped over the fence and ran away. Upon entering the house they found the woman, who went under the name of Viola Harris, dead in the bed. There was evidence of a struggle, with much blood about the room.

Appellant was arrested sometime the next day and signed a voluntary confession which includes much of the foregoing statement of the killing and is not inconsistent with the state's other evidence. He says that he awoke during the night and felt something on his throat and discovered that it was blood. He got his knife out of a pants pocket and jumped on the deceased, soon subdued her and, with the knowledge of what he had done, placed her back in the bed, again retired and apparently slept the rest of the night. He heard the call of the neigh-

bors the next morning, got up and dressed and left. It was his theory that Viola was attempting to cut his throat.

There are four bills of exception in the record, all directed to the argument of the prosecuting attorney. The first three of these present some question but will not be discussed herein because the same need not occur at another trial.

The fourth bill of exception is a little different. The state's attorney, in his brief, has said that he is "hard pressed to find any justification or excuse for this argument. It seems to be in principle in line with the argument made in Kelley v. State, 185 S. W. 570, where the district attorney said: 'The City of Dallas requires the execution of this defendant.' In the Kelley case the argument was held error."

The decisions of this court on questions raised because of improper argument have been very consistent and, it would seem, are reasonable and entitled to respect. It may be that there is little force in the argument in the case now before us, as is true in many of them, yet that is not a matter on which we can speculate. The setting of this case is somewhat unusual for the reason that the indictment alleges and the proof shows that appellant had been convicted and given a life sentence for the murder of a former wife by cutting her with a knife. This evidence was properly before the jury. In his closing argument the district attorney said: "The people of this community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair."

It is observed that the trial judge qualified the bill by saying the "County Attorney used language about as quoted above, but there was no objection to same by Defendant." He also notes that the defendant excepts to this qualification of the bill. The court failed to file his own bill and so the defendant's bill stands before us without a legal qualification.

We have frequently held that a statement by the prosecuting attorney as to what the people are expecting and what the people want brings before the jury a fact that was not heard from the witness box and is reversible error. We have called attention many times to the distinguishment to be made between an assertion as to what the people think, what they say, or what they want, and an assertion of the opinion of the prosecuting attorney as to what they are "entitled" to say, or think, or want. In the face of the explanation so frequently made, there

still seems to be confusion in the minds of some as to what is proper argument in this respect.

We think the bill shows error requiring a reversal of the case because the attorney made an assertion of a fact which is calculated to and probably did have a damaging influence before the jury. Hazzard v. State, 111 Tex. Cr. R. 539, 15 S. W. 2d 638; Jones v. State, 151 Tex. Cr. R. 115, 205 S. W. 2d 590 and 153 Tex. Cr. Rep. 345, 220 S. W. 2d 156; Branch's Ann. P. C. Sec. 364; and Texas Digest, Criminal Law, Key No. 723.

The judgment of the trial court is reversed and the cause is remanded for a new trial.