### HOMER COX V. STATE.

No. 25548. December 5, 1951.
Appellant's Motion for Rehearing Granted February 6, 1952.
State's Motion for Rehearing Denied March 26, 1952.

Hon. Dean Gauldin, Judge Presiding.

Graves, Presiding Judge, dissenting on motion for rehearing.

*Piranio & Piranio,* by *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts* and *John C. Grant,* Assistants Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a jury trial, appellant was convicted for possession of whiskey in a dry area for the purpose of sale, and his punishment was assessed at a fine of $500.

Two inspectors for the Texas Liquor Control Board, following a call which prompted them to go to De Soto, an admittedly dry area in Dallas County, Texas, obtained a search warrant, and proceeded to search the premises and car of appellant Cox. In the building which appears to have been in use as a domino hall and for the sale of soft drinks to the players, the officers found three one-half pint bottles of whiskey.

In the locked trunk of appellant's car parked nearby, they found 25 more one-half pint bottles of whiskey.

The officers testified that appellant told them that the car and the whiskey belonged to him.

Appellant and his witnesses testified that the whiskey found by the officers was purchased by appellant that day with funds contributed by a number of persons, as had been their custom on past weekends. They denied that the whiskey was possessed for the purpose of sale.

Appellant testified that he went for the whiskey around noon and returned with a case of half pints around 3 o'clock. His witness Hill testified that he paid appellant $3.00 just before sundown or around 5:30 P.M.; Witness Clark said he put in $4.00 after they began to play dominoes about 1 o'clock; Witness Elerson said he put in his money in the morning and that appellant went for the whiskey about 10 A.M. and returned around noon.

Appellant contends that the undisputed evidence shows that the whiskey was in the possession and control and was jointly owned by all of those present, and therefore there is not sufficient evidence to sustain the conviction.

We overrule this contention. The state's proof was to the effect that appellant was in possession of the whiskey and claimed to be its owner.

It is next contended that in view of the testimony of appellant and his witnesses to the effect that the whiskey was there for their use and not for sale, that the prima facie case of the state, because of the amount of whiskey found in appellant's possession, was overcome.

The testimony, if in fact it showed a defense, was for the jury who resolved the issue against appellant's contention.

Complaint is made of the argument of counsel for the state wherein he said:

"The people of De Soto are asking the jury to convict this defendant."

The language is quite similar to that which has caused the reversal of several convictions. See Porter v. State, 154 Tex. Cr. R. 25, 226 S.W. (2d) 435; Peysen v. State, 136 Tex. Cr. R. 127, 124 S.W. (2d) 137.

In this case however, the trial court promptly sustained the objection to such argument and instructed the jury not to consider the remarks We do not regard the argument to be of such prejudicial character as to have required the trial judge to declare a mistrial, and appellant did not request that he do so.

In view of the instruction of the court to the jury, reversible error is not shown.

Other bills of exception which complain of remarks of counsel in argument have been examined, and we find no prejudicial remarks requiring a reversal of the conviction.

Appellant is in no position to now complain of the court's charge to the jury. No objections appear to have been made to the charge, and no charges in writing requested.

The evidence being sufficient to sustain the verdict, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant insists that reversible error is shown in the argument complained of in Bill of Exception No. 2, discussed in the original opinion, and in Bill of Exception No. 1 addressed to a remark of the same counsel to the effect that "there must be a complaint or the Texas Liquor Control Board would not have gotten a search warrant." The trial court sustained the objections to both remarks and instructed the jury to disregard the same. Appellant urges that under the decisions of this court in Jones v. State, 151 Tex. Cr. R. 115, 205 S.W. 2d 590; Porter v. State, 154 Tex. Cr. R. 252, 226 S.W. 2d 435; and Peysen v. State, 136 Tex. Cr. R. 127, 124 S.W. 2d 137, the erroneous argument requires reversal.

Bill of Exception No. 2 complains of the argument of the assistant district attorney who stated to the jury: "The people of DeSoto are asking the jury to convict this defendant." De-Soto, as the record shows, is a precinct in Dallas County in which the sale of intoxicating liquor is prohibited. There is no evidence in the record as to the wishes of the people of that community and the statement is without support. Such evidence

would be inadmissible if offered. The trial judge recognized the improper argument and instructed the jury not to consider the same. This was all the trial judge could do.

In Porter v. State, supra, we held that statements of the prosecuting attorney as to what the people are expecting and want bring before the jury facts not admitted on the trial, and are prejudicial and harmful to appellant.

In Jones v. State, supra, we overruled the contention that the trial court's instruction to disregard argument, which injected into the record new facts harmful to the accused, would cure the error.

The quoted positive statement as to the request of the people of DeSoto cannot be brushed aside as a mere reference. They had voted for prohibition years ago. They did not know this defendant. They were not called as witnesses on the trial. To sanction such argument would overturn every case, probably a hundred, on the subject. We have a law against murder with a death penalty. It was passed by the legislature, representatives of the people. If a prosecutor can tell a jury what the people want, why not let them prescribe the penalty—even death for murder? If the people are to pass upon the guilt, and if their expression by ballot is evidence of their desire to have any defendant convicted, then trials are not necessary. Just bring a charge and assess the penalty.

Appellant's motion for rehearing is granted; the order of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

GRAVES, Presiding Judge (dissenting).

This cause was previously affirmed in the opinion dated December 5, 1951, in which Judge Woodley, speaking for the court, held that Bill of Exception No. 2, reflecting the remark made by the state's attorney to the jury wherein he said, "The people of De Soto are asking the jury to convict this defendant" failed to show reversible error. In the opinion it is shown that upon objection to such argument the court immediately instructed the jury not to consider the same but appellant did not request the trial judge to declare a mistrial but stood upon his objection alone. This remark was not found to be injurious in the original opinion, nor was it found to be harmful by the trial judge wherein he qualified the bill as follows:

"The Court sustained the objection of the Defendant to these remarks and instructed the jury not to consider them. The Court does not certify that said remarks were inflammatory in nature, nor did they prejudice the rights of the Defendant before the Jury."

It will be observed from the record that Precinct No. 5 in Dallas County, seemed to have an election relative to the prohibition of intoxicating liquor in 1891, and that such election resulted in favor of the prohibition of the sale of such beverage within that precinct.

Appellant was charged with the sale of such liquor in said local option precinct in said county in the case now before us. It was necessary to allege such election and to set forth the result thereof, as well as to allege and prove that the sale of such intoxicating liquor in said Precinct No. 5 in said county was contrary to law, and that the order had been published by the commissioners' court of said county prohibiting the sale of such intoxicating liquor in such precinct, all of which was the direct result of the vote of the people of that precinct and evidently was the wish of the majority thereof. This was set forth in the information and was read before the jury. Not only that, but it was stipulated by the defendant in open court that such election had been held by the people of Precinct No. 5 and that such had resulted in the prohibition of such sale. Furthermore, the court had instructed the jury that said election had resulted in the prohibition of the sale of such intoxicating liquor in said Precinct No. 5, and it was against the law to sell same in such precinct.

We think that the mere casual reference contained in the above-quoted statement made by the state's attorney was of such slight importance that it could be removed from the minds of the jury by an instruction from the court not to consider the same.

Unquestionably, De Soto having been proven to be in the local option precinct, the people thereof had a right to expect the law to be enforced; and the fact that the statement was made that the people of De Soto were asking the jury to convict this defendant could have had no serious effect on any proceedings had therein, especially after the trial court had instructed the jury not to consider such remark.

I see no reason for sending this case back for another trial because of this casual reference by the state's attorney, and

therefore respectfully dissent from the judgment of my brethren in reversing the case because of such allusion.

## ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

The State has filed an exhaustive brief, asking that we reconsider our opinion reversing this cause. This, we have carefully done.

Whenever a prosecutor tells a jury that the people of the community where the crime was committed want an accused convicted, he is not only injecting a new and harmful fact into the evidence which had no place there originally, but he is conducting his case along lines never contemplated by the framers of our Constitution.

First, he implies from his argument that there is a great deal of local "pressure" in the case, that residents of the community affected have come to him as their public prosecutor, urging him to secure a conviction in the case at bar. This may or may not be true but, if true, should never come to the jury's attention.

Second, he tells the jury that their verdict may or may not meet with popular approval. The jury, just as this court, should never concern itself with whether the performance of their duties receives popular acclaim. They, just as we, have sworn to administer justice in each particular case. Our Constitution provides that all men, whether innocent or guilty, regardless of their station in life or the nature of the crime for which they may be accused, shall be tried by a dispassionate jury solely on the facts of that case and in accord with rules tested and proved sound by the passage of time.

Members of this court know, from experience, that public opinion often beats upon the bench and the jury box. This, we cannot change. What we can do, however, is to see to it that the prosecutor does not fan the flames thereof in his address to the jury.

Remaining convinced that we properly disposed of this cause originally, the state's motion for rehearing is overruled.

Graves, Presiding Judge, absent.