### ODIS ODELL PENNINGTON V. STATE

No. 32,642. March 29, 1961
State's Motion for Rehearing Overruled May 3, 1961

WOODLEY, Presiding Judge, absent.

*William Lawrence Scarborough,* Corpus Christi, for appellant.

*Sam L. Jones, Jr.,* District Attorney, Corpus Christi, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

### ON MOTION FOR REHEARING

Our prior opinion is withdrawn, and the following is substituted in lieu thereof.

The offense is robbery by assault; the punishment, 30 years.

At the trial, the state offered evidence that on the date alleged appellant committed the offense of robbery upon the injured party in Nueces County as charged in the indictment.

Appellant timely filed, within 90 days after giving notice of appeal, certain formal bills of exception with the clerk of the court. No action is shown to have been taken by the court on the bills within 100 days after the date notice of appeal was given. Under the provisions of Article 760d, V.A.C.C.P., the bills will be considered as approved by the court. Lair v. State, 169 Tex. Cr. Rep. 220, 333 S.W. 2d 389.

Formal bill of exception No. 6 certifies that, while the district attorney was making his closing argument to the jury, he made the following statement:

"The people of Nueces County expect you to put this man away." The bill certifies that appellant objected to the argument "on the ground that said argument was implying public opinion or community wishes and that he was injecting a new and harmful fact into evidence * * *" and requested the court to instruct the jury not be consider the argument. The bill further certifes that the court overruled appellant's objection to the

argument and that the argument was not provoked, invited or in reply to argument of appellant's counsel.

The argument complained of was clearly improper and calls for a reversal of the conviction.

It is well settled in this state that it is improper for state's counsel in argument to the jury to try to induce them to convict the defendant because the people desire a conviction. See 1 Branch's Ann. P. C., 2nd ed., par. 388, p. 407.

In the case of Woolly v. State, 93 Tex. Cr. Rep. 384, 247 S.W. 865, this court, in passing upon argument of State's counsel when he argued to the jury to convict the accused because the "evidence warrants it, and because the people of Denison desire it" said:

> "It was certainly proper for counsel to insist upon the conviction of appellant on the ground that the evidence, in his judgment, authorized it; but, when he departed from the record and insisted that the people of Denison desired such conviction he was placing before the jury a fact not in evidence, one which, if true, ought not to be considered by the jury in determining the guilt of a party on trial."

In Porter v. State, 154 Tex. Cr. Rep. 226, 226 S.W. 2d 435, the district attorney in his closing argument to the jury said, "The people of this community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair." This Court in reversing the conviction because of such argument said:

> "We have frequently held that a statement by the prosecuting attorney as to what the people are expecting and what the people want brings before the jury a fact that was not heard from the witness box and is reversible error. * * * *
>
> "We think the bill shows error requiring a reversal of the case because the attorney made an assertion of a fact which is calculated to and probably did have a damaging influence before the jury."

In the rather recent case of Cox v. State, 157 Tex. Cr. Rep. 134, 247 S.W. 2d 262, a conviction was reversed because of argu-

ment of State's counsel when he said, "The people of De Soto are asking the jury to convict this defendant." In reversing the conviction, we said:

> "Whenever a prosecutor tells a jury that the people of the community want an accused convicted, he is not only injecting a new and harmful fact into the evidence which had no place there originally, but he is conducting his case along lines never contemplated by the framers of our Constitution."

Argument to the jury by State's counsel in Hazzard v. State, 111 Tex. Cr. Rep. 539, 15 S.W. 2d 638, that "The eyes of Comanche County are upon you. Look at this crowd in this court room, and a crowd has been here all during this trial. The will and wish of every lawabiding citizen of Comanche County wants a verdict of death," was held reversible error. In so holding this Court said:

> "The effect of the above language was to ask for a conviction upon public sentiment rather than upon the evidence, and to give a verdict of death because the public desired it. Constitutional guaranties have been found necessary to protect the liberty of men from the hasty judgment of the multitude."

The argument complained of in the instant case was not supported by the record and injected new and harmful facts into the case. Such argument was obviously prejudicial to appellant and requires that the judgment of conviction be reversed.

For other authorities in support of the conclusion reached herein, see Kelley v. State, 79 Tex. Cr. Rep. 362, 185 S.W. 570, and Peysen v. State, 136 Tex. Cr. Rep. 127, 124 S.W. 2d 137.

The judgment is reversed and the cause is remanded.