**John Michael CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41349.**

Court of Criminal Appeals of Texas.

June 19, 1968.

James Martin, (On Appeal Only), Emmett Colvin, Jr., Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Scott Bradley, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder; the punishment, life.

The state's evidence shows that on the night in question the deceased, a young soldier from Fort Hood, was at home in Dallas on leave granted by his commanding officer because of his twenty-first birthday. Around midnight he and three companions, Calvin Richard West, Jr., James Woodson, and Herman Lee Wheatley, left Terry's Playhouse, "a night club type place" in north Dallas, to go to the south part of Dallas to eat. While enroute, the deceased, who was driving the car, drove into a supermarket lot and parked, for the purpose of looking for some of his friends. He and his companions got out and walked down the street to a coffee shop. The deceased went into the cafe, then came out, and he and his companions started back to the car. As they were going back, it became necessary for them to walk around four men who were standing on the sidewalk. About this time, West looked back and saw the deceased standing face to face with one of the men. After hearing the deceased ask the man "what was this," West took him by the arm and started walking down the sidewalk. The four men followed. When the deceased and his companions got to the parking lot they were surrounded by eight or ten men, including the four they had passed and the appellant, who had come out of the supermarket and had taken a gun out of his pocket. At this juncture, someone said, " 'What is this,' " and the appellant, with a .22 calibre revolver pointed at the deceased, who had turned around, fired a shot. The deceased then turned and ran and appellant shot two or three more times. When West pleaded with appellant not to shoot, appellant turned the gun on him and said, "what do you mean, M. F., I will shoot you, too." Appellant and his companions then fled and the deceased was found lying face down in a driveway across the street, with a bullet wound in his chest.

An autopsy performed upon the body of the deceased by Dr. Earl Forrest Rose disclosed that the cause of death was a gunshot wound in the left chest. A .22 calibre bullet was recovered from the deceased's body and because of the cheapness and poor condition of the gun in appellant's hand on the night in question, it could not be defi-

nitely determined that the bullet was fired from the weapon.

Testifying in his own behalf, appellant admitted shooting the gun when he observed the deceased back up and reach toward his pocket in an encounter with one of the other boys because he thought he or someone else would possibly get hurt. Appellant swore that he shot to protect himself and others but that he did not aim and that this was the only shot he fired because in his later attempt to shoot in the air the gun misfired.

Otis Vernon Jamerson, called as a witness by the appellant, testified that after the first shot was fired it was he who fired two shots into the air.

The court, in his charge, fully instructed the jury on the appellant's right to defend himself and others against a reasonable expectation or fear of death or serious bodily injury.

We first overrule appellant's ground of error No. 1, which is the contention that the evidence is insufficient to support the conviction.

In his second ground of error, appellant insists that the court erred in refusing to grant a mistrial because of certain alleged improper and prejudicial argument of state's counsel.

The record reflects that in his argument to the jury on the issue of punishment, counsel stated and the following transpired:

"MR. JOHNSON: * * *

"Now, you can well imagine, I am sure, what this has done to the other persons that were involved in this case, that were out there and seeing this horrible tragedy in their county and in your county, what it means to a person such as Calvin West and Herman Weakley [sic] to testify to you that they were walking down the street, that they were returning to their car when this happened, and what it would mean to them, should not an ade-

quate punishment, or should not an adequate notice to others be given in this case, how they would feel were they again walking down the streets of your county.

"MR. METCALF: Your Honor, we are going to object to—

"MR. JOHNSON: And be attacked by a man—

"MR. METCALF: We object to this as an appeal to the needs of specific individuals in the community as a whole on punishment, to set a punishment to please Richard West and I object to this.

"THE COURT: All right. Read back what was said.

"(Whereupon, the statement of Mr. Johnson was read by the reporter.)

"THE COURT: I believe I will sustain how somebody else might feel.

"MR. METCALF: We ask for an instruction.

"THE COURT: Disregard it.

"MR. METCALF: We move for a mistrial at this time, Your Honor.

"THE COURT: Overrule you. Go ahead.

" * * * *"

Appellant insists that, by such argument, state's counsel injected, by implication, the wishes of the community and of particular persons, which was improper, harmful, and prejudicial to him.

Cases decided by this court, such as Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, and Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527, which condemn argument by a prosecutor who urges a jury to convict because the people of a community want a conviction, are cited by appellant in support of his contention.

We do not construe the argument complained of as a suggestion by the prosecutor that the jury return a certain verdict on punishment because of the wishes

of the people of the community or of any individual. To the contrary, the argument was reasonably based upon the evidence and was nothing more than a plea for law enforcement.

We further observe that the argument was not of such a prejudicial nature that the court's instruction to disregard it did not cure the error.

The ground of error is overruled.

The judgment is affirmed.