**Jose T. LUNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43339.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Jan. 27, 1971.

Allison & Davis by Alvin R. Allison, Levelland, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, eighteen (18) years.

■ Appellant's first ground of error presented in argument before this Court is that the evidence is insufficient to show that the appellant fired the bullets which killed the deceased. The witness Jiminez testified that he was at the beer establishment where the killing occurred; that the appellant mentioned an old fight he had with the deceased's brother; that there was no argument or fisticuffs. Shortly thereafter, the appellant left the bar, remained away a short time and returned. Whereupon he called to the deceased from the door and the deceased went outside. Then, Jiminez heard two shots and he went to the door. He saw the deceased prone in front of the tavern and appellant a short distance away holding a gun. Jiminez testified that appellant shot twice, while aiming at him, but that both bullets missed their mark.

Dr. Ruben C. Santos, Chief of the Bexar County Medical Examining Office, testified that he performed an autopsy and found two bullet holes in the body of the deceased. He stated that one of these bullet holes was in the area of the heart and lungs, that it caused massive internal hemorrhaging, and that it was the cause of death. We overrule appellant's first ground of error. See Whitehead v. State, Tex.Cr.App., 450 S.W.2d 72; Tellez v. State, 162 Tex.Cr.R. 456, 286 S.W.2d 154; Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583.

■ His second contention is that the court erred in declining to grant his motion for a new trial when he filed an affidavit and presented testimony of the Juror Kruegar. The affidavit stated, "I thought he [appellant] was guilty because he didn't take the stand and testify in his own behalf;" and Kruegar answered affirmatively when being asked, "He didn't have any witnesses, is that the reason you thought he was guilty?" It is clear that there was no communication between Juror Kruegar and his fellow jurors about Kruegar's reason for voting as he did. Therefore, this is not a jury misconduct question. Appellant submits that the question before us is the basis on which Juror Kruegar found the appellant to be guilty. He argues that this is not a case coming under the general rule, expressed in Edwards v. State, 155 Tex.Cr.R. 590, 238 S.W.2d 537, and Stokes v. State, 165 Tex.Cr.R. 269, 305 S.W.2d 779, and the cases there cited, that a juror may not be permitted to impeach or explain his or her verdict by showing the reason for the conclusions reached. We have diligently examined appellant's brief and the cases cited therein but we are unable to agree that such a distinction does exist. In each case, the juror is merely "showing the reason for the conclusion reached" in violation of the rule set forth above. We have also examined the opinion of the Fifth Circuit Court of Appeals in Marion v. Beto (1970), 434 F.2d 29, referred to in oral argument, and fail to find the construction which appellant's counsel reads into such opinion.

■ Appellant's third ground of error relates to the prosecutor's argument, which follows: "And the people that have such ideas in this county in the future will be put on notice that the citizens of this county are not going to put up with it." He alleges that this argument conveyed to the jury the idea that a conviction of the appellant would meet the wishes and desires of the people of the county where the prosecution was had.

Reliance is had upon Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262. The writer of this opinion wrote on the State's motion for rehearing in Cox, supra, and has had occasion to distinguish such holding many times during the years that have followed Cox. In Cox, the prosecutor told the jury, "The people of DeSoto are ask-

**602**

ing the jury to convict this defendant." The Court held that this was tantamount to telling the jury, first, "that the residents of the community affected have come to him as their public prosecutor, urging him to secure a conviction in the case at bar * * *" and, second, "that their verdict may or may not meet with popular approval."

In White v. State, 162 Tex.Cr.R. 337, 284 S.W.2d 902, we said:

"Bill of exception No. 2 complains of the argument of the prosecutor in which he said: 'Gentlemen of the jury, the voters of Johnson County have voted Johnson County a dry area and we do not want liquor sold here.'

"The fact that the people of Johnson County did not want liquor sold in their county is a logical deduction from the fact that they voted their county dry. This remark was not aimed directly at the appellant, as was the argument which we found to be reversible error in Cox v. State. * * *"

Later, in Pennington v. State, 171 Tex. Cr.R. 130, 345 S.W.2d 527, we said that the statement, "The people of Nueces County expect you to put this man away" was in violation of the rule set forth in Cox and was reversible error.

Still later, in Castillo v. State, Tex.Cr. App., 362 S.W.2d 320, we held that the argument stating that the jury's verdict would be setting the price on life in Reeves County was a plea for law enforcement and not reversible error.

In Smith v. State, Tex.Cr.App., 418 S. W.2d 683, we again reviewed the question, and said that the argument, "You can see the people in the courtroom. These are the people here that will gain an impression by the verdict that you write down here," did not constitute reversible error.

▮ Appellant's fourth ground of error relates to the final argument of the prosecutor in which it is alleged that he com-

mented on the failure of the appellant to testify or to call all witnesses who had been subpoenaed. It is clear from the argument of defense counsel that they had taken the State to task for having failed to call all the witnesses who had been subpoenaed and sworn. All the prosecutor said was that if the defense wanted such witnesses to testify, they could have called them. This was clearly invited argument and did not violate Article 38.08, Vernon's Ann.C.C.P.

We have examined the argument before us and fail to find reversible error. The judgment is affirmed.

WOODLEY, P. J., concurs in result.