Larry Jack **MYERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43979.

Court of Criminal Appeals of Texas.

July 7, 1971.

Abney & Burleson by James A. Mills, Dallas, Court-appointed for defendant-appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, fifty-five (55) years.

■ Appellant first contends that the trial court erred in failing to sustain the following objection to the Court's charge to the jury:

"Defendant objects to that portion of the charge which is paragraph #2 of the charge beginning with *'You are further instructed that you are not to discuss among yourselves how long the'* and ending with *'and the Governor of the State of Texas and are no concern of yours'* and request that the total paragraph be stricken by the charge and not read to the jury."

This objection is too general and does not specifically point out why appellant contended the charge was defective as required by Art. 36.14, V.A.C.C.P. Therefore, nothing is presented for review. Siros v. State, Tex.Cr.App., 399 S.W.2d 547. Compare Davis v. State, 165 Tex.Cr.R. 294, 306 S.W.2d 353 and Rymer v. State, 171 Tex.Cr.R. 656, 353 S.W.2d 35.

■ Appellant's second ground of error relates to three quotations from different parts of the prosecutor's argument. Without discussing whether the same is properly presented for review under Art. 40.09, Sec. 9, V.A.C.C.P., we will discuss the same. The three portions of the argument are as follows:

"You represent the interests that some million people who live in Dallas County, have in the outcome of this case. * * *

"You can say what Dallas County citizens think about protecting their women in assessing the punishment in this case. * * *

"Now, I would be a charlatan or hypocrite to ask you to do something that I didn't feel deep in my heart was justified, and I wouldn't ask you to do anything I couldn't do."

To each argument an objection was made and was overruled and exception was noted. Reliance is had among other authorities upon Porter v. State, 154 Tex.Cr.R. 252, 226 S.W.2d 435, and Cox v. State, 157 Tex. Cr.R. 134, 247 S.W.2d 262. In Cox, the prosecutor said, "The people of De Soto are asking the jury to convict this defendant."

In that case, this Court said,

"The jury, just as this Court, should never concern itself with whether the performance of their duties receives popular acclaim. They, just as we, have sworn to administer justice in each particular case. Our Constitution provides that all men, whether innocent or guilty, regardless of their station in life or the nature of the crime for which they may be accused, shall be tried by a dispassionate jury solely on the facts of that case and in accord with rules tested and proved sound by the passage of time."

It should be noted that Cox, supra, discusses Porter, supra, and that Cox has been distinguished six times. The trial court has held, in cases where the argument more closely approximated the arguments in the case at bar that the court's failure to sustain the objection did not con-

stitute reversible error. For example, in Smith v. State, Tex.Cr.App., 418 S.W.2d 683, the State's attorney argued, "I'm talking about what their verdict, the impression it will make on all of the people of this county." This Court held that such argument was not reversible error. Appellant's ground of error is overruled. White v. State, 162 Tex.Cr.R. 337, 284 S.W.2d 902, 903; Hernandez v. State, 167 Tex.Cr.R. 487, 320 S.W.2d 829; Owens v. State, 168 Tex.Cr.R. 88, 323 S.W.2d 260; Urteago v. State, 169 Tex.Cr.R. 160, 333 S.W.2d 133; Dove v. State, Tex.Cr.App., 402 S.W.2d 913, and Smith v. State, supra.

Finding no reversible error, the judgment is affirmed.