John Gilbert BOTHWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46751.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Rehearing Denied Oct. 31, 1973.

---

W. John Allison, Jr., Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, life imprisonment.

Appellant's two grounds of error relate to jury argument by the prosecutor during the penalty phase of the trial. He complains first that the prosecutor committed reversible error in his argument by directly referring to a picture of the deceased so as to prejudice the defendant and to inflame the minds of the jury.

During the prosecutor's argument the following exchange took place:

"[PROSECUTOR]: You heard all the evidence and I don't need to go over it too much again, but he bought that pistol, he got bullets and you can take those pictures back, you're not going to see any pictures of Helen Bothwell, because the law says those—

"[DEFENSE ATTORNEY]: Objection, Your Honor.

"THE COURT: Sustain the objection.

"[DEFENSE ATTORNEY]: And ask the jury be instructed to disregard,

"THE COURT: The jury is so instructed.

"[DEFENSE ATTORNEY]: It's such a flagrant violation of the Rules of Evidence, we move for a mistrial.

"THE COURT: I'll overrule your motion for mistrial.

"[DEFENSE ATTORNEY] Note our exception.

"[PROSECUTOR]: You can take that picture back there—

"[DEFENSE ATTORNEY]: Objection again, Your Honor.

"[PROSECUTOR]: There are some pictures in evidence.

"[DEFENSE ATTORNEY]: I'm talking to the Court, counsel.

"THE COURT: Go ahead, Mr. [Defense Attorney].

"[DEFENSE ATTORNEY]: He's referring to the same picture again on which Your Honor just sustained my objection.

"THE COURT: Sustain the objection, Mr. [Prosecutor].

"[PROSECUTOR]: I was talking about the picture of the cabinet that's in evidence. I believe it's State's Exhibit No. —

"[DEFENSE ATTORNEY]: At this time we'll reurge our motion for a mistrial.

"THE COURT: Overrule your motion for mistrial."

We cannot say the prosecutor's statements were so inflammatory or prejudicial that the error could not be cured by objection and the Court's instruction to the jury to disregard. See Abels v. State, 489 S.W.2d 910 (Tex.Cr.App.1973); Guerra v. State, 478 S.W.2d 483 (Tex.Cr.App.1972). Appellant's contention is overruled.

Appellant next argues that the prosecutor committed reversible error in making an appeal based on the sentiments of the people in the community. The prosecutor at one point in his final argument made the following statements:

"[PROSECUTOR]: Helen Bothwell, I mean, you can look at him and you can sit here in court and you can empathize with him and say, Oh, here sits somebody, you know, here's another person sitting here in court. I've looked at him throughout the course of the trial. We, of course, who we represent, as I told you yesterday, a million two hundred thousand people living in this county, we can't fit them all into court. We can't have you sympathize with our side. You can't see Helen Bothwell—"

We have held in the past that a jury argument referring to the expectations or demands of the community for a particular result constitutes reversible error, and cannot be cured by instruction to the jury to disregard. Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961); Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262 (1952); Porter v. State, 154 Tex.Cr.R. 252, 226 S.W.2d 435 (1950). We conclude the prosecutor's statements here were not an appeal based on the sentiments of the community, unlike those which this Court has held to be reversible error.[1] We hold that these comments did not constitute reversible error. Compare Bolding v. State, 493 S.W.2d 181 (Tex.Cr.App.1973); Hendrix v. State, 474 S.W.2d 230 (Tex.Cr.App.1971); Spencer v. State, 466 S.W.2d 749 (Tex.Cr.App.1971); McDaniel v. State, 461 S.W.2d 603 (Tex.Cr.App.1970); Perbetsky v. State, 429 S.W.2d 471 (Tex.Cr.App.1968).

Moreover, the argument of the prosecutor was immediately cut off by defense counsel's objection. The appellant seemed satisfied with the Court's ruling and did not ask for a mistrial to obtain an adverse ruling from the Court. See Rodgers v. State, 486 S.W.2d 794 (Tex.Cr.App. 1972); Moon v. State, 465 S.W.2d 172 (Tex.Cr.App.1971). Defense counsel then waited until the prosecutor had dropped the matter and had been pursuing another line of argument for some time before rising again to ask for a mistrial. Such motion was not timely made.

The conviction is affirmed.

Opinion approved by the Court.

---

1. For example, the statement on which Pennington v. State, supra, was reversed was: "The people of Nueces County expect you to put this man away." The prosecutor's argument in Cox v. State, supra, was: "The people of DeSoto are asking the jury to convict this man."