Michael Allen **HORN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48138.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

**270**

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty., and Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for robbery by firearms; the punishment, one hundred (100) years. Trial was to the court and jury upon a plea of guilty.

One ground of error is urged by appellant in which he complains of certain jury argument of State's counsel. In his opening argument to the jury the District Attorney, among other things, stated, and the following transpired:

"Let's think just a little bit about the significance of your verdict. If your verdict will tell the District Attorney what the people of Bell County think about these sorts of crimes. Your verdict will tell the Honorable Court what you think about these sorts of crimes. As you know, it is often the job of the court alone, without a jury, to assess punishment. Now, how does the court know how to assess punishment where a jury is not involved unless he knows what the feelings of a jury are. Your verdict will be very significant. You will be telling us whether or not a Bell

County jury will swallow some of the things and leave some of these things that have been presented to you here today, and if you will swallow those things and if you will believe those things by your verdict, if it is an easy one, it will tell us something and then we will know what to expect in the future. If you let a man come up here and tell you he didn't mean to do something that he obviously meant to do, if you let him cry and tell you these lies, and if you believe them, well, then, your verdict would be an easy verdict, and that would be very significant. So let me close. *Just remember that there are a lot of people that are going to be waiting to see what this jury does about this case.* (Emphasis added.)

"MR. KREIMEYER: Your Honor, I object to that as being a comment on what the community expects, and I am going to object to it.

"THE COURT: I will sustain, and direct the jury not to consider that as far as what people are waiting to see done as far as your verdict is concerned.

"MR. KREIMEYER: I move for a mistrial at this time, Your Honor.

"THE COURT: Overrule it."

It is appellant's contention that the argument complained of was a plea to the jury to render a verdict based upon public sentiment of the people of the community, which was so prejudicial as to constitute reversible error under the decision of this Court in Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527. With such contention we do not agree.

In Pennington v. State, supra, the prosecutor clearly told the jury that the people of Nueces County expected the jury to convict.

The argument complained of in the instant case when taken in full context was nothing more than a statement by the District Attorney as to the significance and ef-

fect of the jury's verdict and a plea for law enforcement. We do not construe the District Attorney's statement as telling the jury what verdict the people of the community expected. While the careful trial judge sustained appellant's objection, we perceive no reversible error in the argument. See Smith v. State, Tex.Cr.App., 418 S.W.2d 683; Perbetsky v. State, Tex. Cr.App., 429 S.W.2d 471; and Bolding v. State, Tex.Cr.App., 493 S.W.2d 181. The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.