Kermit Lee CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47981.

Court of Criminal Appeals of Texas.

July 2, 1974.

Claude R. Giles, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Ward Casey, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at life.

The appellant killed his wife, Rosetta Crawford, by shooting her with a gun. At the time of the homicide, they were separated. He was in the Air Force and was stationed at Big Spring. She was working at a nursing home in Waco. Appellant went to the nursing home and caused a disturbance. He got her outside and she went back into the building. He then took hold of her and started dragging her out the door. Several witnesses testified that there was a struggle in the lobby and he pulled a gun out of his trousers, waved it around, put it to the head of his wife and shot and killed her.

The appellant testified that one of the women working at the nursing home was trying to hold his wife, "And I ran over, and I pulled this gun from my pants, and I pointed this gun at the woman that had my wife, and I told her 'Turn her a loose right now, and I mean it, before I bust a cap on you.' Then, I grabbed Rosetta again and started toward the door. . . ." He further testified that he was waving the gun until he got to the door. He had her with one hand, and the next thing he knew the gun went off and she slumped. He related that he wanted to take her to the hospital. One of the women at the nursing home said, "No. Let her lay down." He then laid her down and "I said 'Awe,—you all, I want her to die.' "

He complains in his first ground of error that the trial court at the guilt-innocence phase of the trial committed reversible error by refusing to submit the appellant's requested instruction on the accidental commission of a felony while in the act of committing a misdemeanor. The appellant requested instructions in the exact wording of Article 44, V.A.P.C., Vernon's Ann., and on the law concerning unlawfully carrying a pistol on or about one's person. The appellant also requested the following charge:

"Now if you find from the evidence, beyond a reasonable doubt, that the Defendant, KERMIT LEE CRAWFORD, did, * * *, carry on or about his person a pistol, and that in the act of carrying the pistol, through mistake, killed Rosetta Crawford by shooting her with a pistol, then you will find the Defendant guilty of unlawfully carrying a pistol."

The requested instructions and charge were properly denied by the trial court.

In the charge at the guilt stage of the trial, the court instructed on murder with

and murder without malice aforethought. Also, the court instructed the jury on assault with a prohibited weapon. The jury was given three options as to its verdict—not guilty, murder with malice aforethought, and murder without malice aforethought. These are the only permissible results under the court's charge because the court instructed the jury concerning the law under Article 42, V.A.P.C., which provides that one shall receive the punishment for a felony actually committed by accident or mistake while preparing for or executing the intended felony.

■ The trial court in applying Article 42 properly charged the jury that if they found from the evidence, beyond a reasonable doubt, that the defendant did with malice aforethought assault the deceased with a pistol and through mistake or accident did kill the deceased, that they so indicate by finding the defendant guilty of murder with malice. Or, if the jury found from the evidence, beyond a reasonable doubt, that the defendant did without malice assault the deceased with a pistol and through accident or mistake kill the deceased, then the jury should so indicate by their verdict by finding defendant guilty of murder without malice.

Assault with a prohibited weapon, here a pistol, is a felony under Article 1151, V.A.P.C. The facts in this case are undisputed as to the commission of the offense of assault with a pistol while carrying it unlawfully.

Appellant forcibly attempted to take her with him. When she broke loose from him, other employees attempted to protect her. The appellant then pulled a gun from his trousers and, in the appellant's own words, he "pointed this gun at the woman that had my wife." He grabbed his wife and waved the gun about. When the other persons present scattered, the appellant then attempted to pull, or drag, his wife through the front door of the rest home. In the process he was pulling and she was attempting to hold onto the door and not

go; he placed the gun to her head and shot her. According to his version, the gun went off. There is no evidence that the defendant was lawfully carrying the pistol. All the elements of assault with a prohibited weapon under Article 1151, supra, are present and such a conclusion is sustained by the evidence. Here, as in Stout v. State, Tex.Cr.App., 467 S.W.2d 409 (1971), Article 44, supra, has no application because the record shows that a felony was being committed. Thus, Article 42, not Article 44, applies.

Article 42 has consistently been interpreted to mean that the defendant is actually guilty of the offense that was committed by the mistake during the preparation or execution of another felony. Lopez v. State, Tex.Cr.App., 482 S.W.2d 179 (1972); Johnson v. State, 336 S.W.2d 175, cert. denied 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed.2d 267 (1960). In Johnson v. State and in Cook v. State, 152 Tex.Cr.App. 51, 211 S.W.2d 224 (1948), this Court upheld charges worded essentially the same as Article 42.

■ The appellant's requested charge is also contrary to Article 44, supra, as interpreted by this Court in Key v. State, 71 Tex.Cr.R. 642, 161 S.W. 121 (1913). Here, under the appellant's requested charge the jury could find the appellant guilty of only unlawfully carrying a pistol, a misdemeanor. In Key, this Court said that under Article 44 the defendant is actually guilty of the felony mistakenly committed. This is the same interpretation that has been given to Article 42, which is worded substantially like Article 44.

Next, the appellant complains of the argument of the prosecutor. He contends that the argument was that the community wanted the appellant convicted. The prosecutor argued:

". . . But some of the people of McLennan County are wanting Juries to get tough with some of these defendants and to let them know that the people of

McLennan County don't appreciate all of this crime that has been going on in the county."

In Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, relied upon by appellant, the prosecutor argued: "The people of DeSoto are asking the jury to convict this defendant." In Pennington v. State, 171 Tex.Cr. R. 130, 345 S.W.2d 527, the argument was: "The people of Nueces County expect you to put this man away." In Porter v. State, 154 Tex.Cr.R. 252, 226 S.W.2d 435, the district attorney said in his argument: "The people of this community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair." These cases and the Jones v. State case, 151 Tex.Cr.R. 115, 205 S.W.2d 590, cited by appellant, are not in point.

The prosecutor did not say what the community wished about this appellant. There is no statement that the people of McLennan County wanted this man convicted or what they thought his punishment should be or that his punishment should be severe.

In Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471, the prosecutor argued: "Society demands that the Defendant be punished." This Court wrote:

". . . We are unable to agree that such statement offends the rule against informing the jury that the people of the community want an accused convicted, as was done in Cox v. State, 157 Tex. Cr.R. 134, 247 S.W.2d 262, but was, rather, a plea for law enforcement. . . ."

In Horn v. State, Tex.Cr.App., 505 S. W.2d 269 (1974), the prosecutor argued: "Just remember that there are a lot of people that are going to be waiting to see what this jury does about this case." Defense counsel objected to that argument as being a comment on what the community expects. The Court did not construe the statement as telling the jury what the community expected. See Bothwell v. State, Tex.Cr.App., 500 S.W.2d 128.

The prosecutor did not inject any new or harmful fact when he stated that some of the people of McLennan County wanted juries to get tough with some of the defendants. That statement would no doubt apply to some, if not a majority, of the people in any county.

No new fact harmful against the appellant was injected into the case.

Judge Hawkins, in Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548, 550 (1924), stated:

"We think the only safe rule to be that this Court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact [has been] injected into the case."

Judge Davidson, in Allison v. State, Tex.Cr.App., 248 S.W.2d 147, wrote:

"Generally speaking, argument which does not violate a mandatory statute is not reversible error unless calculated to prejudice the rights of the accused. . . ."

See also Thompson v. State, Tex.Cr.App., 480 S.W.2d 624; Hoover v. State, Tex.Cr. App., 449 S.W.2d 60; Green v. State, 753 Tex.Cr.R. 442, 221 S.W.2d 612; Stovall v. State, 153 Tex.Cr.R. 495, 221 S.W.2d 278; Erisman's Manual of Reversible Errors, First Edition, Sections 512, 513; and 5 Tex.Jur.2d, Section 436, page 657.

Under the above authorities we perceive no reversible error in the argument, "I think the people of this County want you to start thinking about the victims of some of these crimes."

The judgment is affirmed.