

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00351-CR

DUSTIN SCOTT EPPS                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Dustin Scott Epps of burglary of a habitation and assessed his punishment at twenty-three years' confinement. The trial court sentenced him accordingly. In his sole point, Appellant argues that the trial court reversibly erred by overruling his objection to the prosecutor's statement during jury argument that the sentence the jury assessed "has meaning to our

---

[1]*See* Tex. R. App. P. 47.4.

community." Because the trial court's ruling, based on the record before us, was not incorrect, we affirm the trial court's judgment.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.[2] The State may not argue that the community expects a particular verdict.[3] That is, the State may not argue community expectations.[4] The State may properly argue a plea for law enforcement, deterrence of crime, the importance of sending a message to the community, that the jury is the voice of the community, and the effect of crime on the community.[5]

Appellant objected timely upon the mere mention of the word "community," before the context of the State's invocation of the word "community" was clear, but clearly before any mention of community expectations. No matter what the State might have intended to argue, subsequent to the objection, the State argued that the jury was the voice of the community and that their sentence

---

[2]*Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

[3]*Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990) (citing *Cortez v. State*, 683 S.W.2d 419, 420–21 (Tex. Crim. App. 1984)).

[4]*Cox v. State*, 157 Tex. Crim. 134, 247 S.W.2d 262, 263–64 (1952).

[5]*Borjan*, 787 S.W.2d at 55–56; *McGee v. State*, 774 S.W.2d 229, 240 (Tex. Crim. App. 1989), *cert. denied*, 494 U.S. 1060 (1990); *Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pets. ref'd).

would send a message "to [Appellant] and the other burglars in our community." The State also argued a plea for law enforcement.

The trial court does not err by overruling an unvoiced statement that the trial court or opposing counsel suspects the prosecutor may have considered arguing to the jury. Based on the record before this court and before the trial court, we hold that the trial court did not err by overruling Appellant's objection, we overrule Appellant's sole point, and we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 1, 2012

3