02-11-351-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00351-CR

 

 


 
 
 Dustin
 Scott Epps
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1222633R)
  
 November
 1, 2012
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 



 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00351-CR

 

 


 
 
 Dustin Scott Epps
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A jury
convicted Appellant Dustin Scott Epps of burglary of a habitation and assessed
his punishment at twenty-three years’ confinement.  The trial court sentenced
him accordingly.  In his sole point, Appellant argues that the trial court
reversibly erred by overruling his objection to the prosecutor’s statement
during jury argument that the sentence the jury assessed “has meaning to our
community.”  Because the trial court’s ruling, based on the record before us,
was not incorrect, we affirm the trial court’s judgment.

To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; or (4) plea for law enforcement.[2]  The State may not argue that
the community expects a particular verdict.[3]  That is, the State may
not argue community expectations.[4]  The State may properly
argue a plea for law enforcement, deterrence of crime, the importance of
sending a message to the community, that the jury is the voice of the
community, and the effect of crime on the community.[5]

Appellant
objected timely upon the mere mention of the word “community,” before the
context of the State’s invocation of the word “community” was clear, but
clearly before any mention of community expectations.  No matter what the State
might have intended to argue, subsequent to the objection, the State argued
that the jury was the voice of the community and that their sentence would send
a message “to [Appellant] and the other burglars in our community.”  The State
also argued a plea for law enforcement.

The
trial court does not err by overruling an unvoiced statement that the trial court
or opposing counsel suspects the prosecutor may have considered arguing to the
jury.  Based on the record before this court and before the trial court, we
hold that the trial court did not err by overruling Appellant’s objection, we
overrule Appellant’s sole point, and we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 1, 2012









[1]See Tex. R. App. P. 47.4.





[2]Felder v. State,
848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829
(1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).





[3]Borjan v. State,
787 S.W.2d 53, 56 (Tex. Crim. App. 1990) (citing Cortez v. State,
683 S.W.2d 419, 420–21 (Tex. Crim. App. 1984)).





[4]Cox v. State, 157
Tex. Crim. 134, 247 S.W.2d 262, 263–64 (1952).





[5]Borjan, 787 S.W.2d
at 55–56; McGee v. State, 774 S.W.2d 229, 240 (Tex. Crim. App.
1989), cert. denied, 494 U.S. 1060 (1990); Harris v. State, 122
S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pets. ref’d).