**Marquis DUNKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–098–CR.**

Court of Appeals of Texas,
Texarkana.

Sept. 29, 1992.

Discretionary Review Refused
Jan. 20, 1993.

David Hamilton, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Lamar County Courthouse, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Marquis Dunkins appeals from a conviction for delivery of a controlled substance. The jury assessed punishment at seventy-five years imprisonment and a $15,000 fine. Dunkins contends on appeal that the trial court erred (1) by failing to consider a juror's affidavit alleging jury misconduct in overruling Dunkins' motion for new trial and (2) by overruling the motion for new trial.

On December 14, 1990, an undercover narcotics officer attempted to buy cocaine from Ron McCollough at an apartment complex. When McCollough became suspicious of the officer, Marquis Dunkins, who was also at the complex, offered to sell the cocaine to the officer for McCollough. Dunkins took the cocaine from McCullough and gave it to the officer and then took the officer's $50.00 and gave it to McCollough.

The State charged Dunkins with delivery of a controlled substance, namely less than twenty-eight grams of cocaine. Dunkins pleaded guilty and elected to have a jury assess punishment. The jury was composed of eleven white people and one black person. Dunkins, who is black, then filed a motion for new trial based on juror misconduct. Attached to Dunkins' motion was an affidavit by the one black juror, Nannie Fulbright, who stated that although she "thought this verdict was excessive," she eventually voted in favor of it to avoid being accused of racial favoritism. This affidavit was the sole support for the motion for new trial. The central question on appeal is whether the trial court correctly refused to consider the affidavit in overruling Dunkins' motion without holding a hearing.

A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or someone else in a position to know the facts, or it must state some excuse for failing to produce such an affidavit. *McIntire v. State*, 698 S.W.2d 652, 658 (Tex.Crim.App.1985). To support a motion for new trial properly, and thus require a hearing, a juror's affidavit must state reasonable grounds for believing that jury misconduct has occurred. *Id.*

Dunkins argues that the alleged jury misconduct in this case, the fear of being accused of racial favoritism, fits into the category of jury misconduct listed in Tex.R.App.P. 30(b)(8) which includes: "Where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial."

A juror's affidavit states reasonable grounds only if the matter discussed in the affidavit would be admissible in a subsequent hearing on the motion for new trial. The purpose of the affidavit requirement is to limit the parameters of the hearing that is sought on the motion for new trial. *Brown v. State*, 804 S.W.2d 566 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

The admissibility of juror testimony in a hearing on a motion for new trial is governed by Tex.R.Crim.Evid. 606(b), which states in full:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement

occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify as to any matter relevant to the validity of the verdict or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

■ The Court of Criminal Appeals recently addressed the application of this rule and Rule 30(b) of the Texas Rules of Appellate Procedure in *Buentello v. State*, 826 S.W.2d 610 (Tex.Crim.App.1992).[1]

While the main purpose for the Rules of Evidence is to screen out untrustworthy evidence, the Rules also serve other purposes. In *Buentello*, the Court recognizes, and at the same time destroys, another purpose for the rule prohibiting jurors from testifying about their mental processes. The purpose of the rule is to insulate and protect the jurors' decision-making processes and the jurors' mental processes in a private deliberation by not making them the subject of a public investigation. The *Buentello* opinion leaves admissibility to be determined on a case-by-case basis. Thus, the Court of Criminal Appeals destroys this protection of the jurors' decision-making process, because the *Buentello* opinion encourages losing defense counsel in future cases to make inquiries of all the jurors about everything that occurred in the jury room, including their mental processes. Also, what improper mental processes will be recognized as grounds for new trial are left as an unknown.

The majority in *Buentello* states, "A distinction as to 'overt acts' and mental processes of jurors regarding jury misconduct has never been clearly drawn." At this point in the decision, there are high hopes by the reader that the Court will now, once and for all, clearly draw this distinction. In the next sentence, however, instead of drawing the distinction between overt acts and mental processes of jurors, the Court makes this conclusion: "This Court finds that there is no meaningful distinction under Rule 606(b) between acts of jury misconduct and 'overt acts' of jury misconduct."

This last sentence could be read to say that overt acts and jury misconduct are one and the same. In the context in which this sentence appears, however, the Court more likely meant that whether or not the acts are overt does not matter in considering whether there is jury misconduct. We reach this conclusion because the next paragraph states:

> We hold that the test for admission of juror testimony at a hearing on a motion for new trial is not whether the conduct constitutes an "overt act," but whether the matter sought to be elicited is deemed by the trial court to be relevant to the validity of the verdict.

At that point, the Court tells us how the trial court is to determine whether it is relevant:

> What is considered "relevant" will be determined on a case-by-case basis, taking into account the court's experiences and observations, the grounds for a new trial set forth in Tex.R.App.Pro. 30(b), and the caselaw (sic) which was developed under the predecessor to 30(b), Art. 40.03, V.A.C.C.P.

---

1. This Court is duty bound to accept the guidance of decisions of the Court of Criminal Appeals (even though they are five-four decisions) unless the language of the decision in question is only *dicta* and not a part of the *ratio decidendi*. The dissent by Justice Charles Campbell makes a very good argument that the applicability of Tex.R.Crim.Evid. 606(b) was not properly addressed in *Buentello* because neither the appellant nor the State had disputed that the juror's testimony regarding the jury deliberations was properly admitted at the motion for new trial hearing. We would suggest that the present case is a better case in which to address these issues because the trial court's refusal to consider evidence concerning this point is the sole issue in the present case.

The Court did not indicate whether this leaves blessed or unblessed the line of cases under Rule 30(b) and its predecessor Tex.Code Crim.Proc.Ann. art. 40.03 (repealed 1986), that held that the mental processes of jurors could not be used to invalidate a jury verdict.[2] We must conclude from the previous paragraph that if the overt-act test was used, then these cases are no longer valid.

In *Buentello*, the Court of Criminal Appeals specifically instructs us to look for guidance under the case law developed under Article 40.03 (and not under Rule 30(b) itself). This approach requires consideration of whether such testimony establishes proper grounds for a motion for new trial and not whether it will be admissible in evidence. The trial judge in the present case did not deem the affidavit of Nanny Fulbright to be relevant, and while this determination may appear to be on admissibility grounds, whether such evidence is relevant really depends upon whether it constitutes grounds for a new trial. Thus, the outcome is the same whether we call it relevance or consider whether it is a basis for a new trial.

We have searched for cases under Article 40.03, predecessor of Rule 30(b), that are not based on the overt-act policy for admissibility that has now been discarded. In the case of *Luna v. State*, 461 S.W.2d 600 (Tex.Crim.App.1970), the Court determined that a juror's affidavit claiming that he voted guilty because the defendant did not testify was not grounds for a new trial. In *Daniels v. State*, 600 S.W.2d 813 (Tex.Crim.App. [Panel Op.] 1980), the Court held that the jury's verdict could not be impeached by showing the reason for the conclusion reached by the jury. In *Pilot v. State*, 38 Tex.Crim. 515, 43 S.W. 1024 (1898), a case which predates the enactment of Article 40.03, the Court stated the general principle that an affidavit of a juror stating that he supported the verdict because of fear of being insulted by other jurors did not disclose reasonable grounds for a new trial.

Dunkins cites no case, and we have found none, in which a Texas court has considered as stating reasonable grounds for a new trial an affidavit describing the thoughts of a single juror, unexpressed in the jury room and not the result of inappropriate contact with someone or something outside the jury room. This Court may only disturb a trial court's decision if we find that the trial court has clearly abused its discretion. *Buentello*, 826 S.W.2d at 613. We find that the trial court did not abuse its discretion in ruling that the affidavit of Nannie Fulbright was not relevant in a hearing on Dunkins' motion for new trial. We overrule this point of error.

Because the purpose of the affidavit attached to the motion for new trial is to establish grounds for a new trial upon which testimony may be offered at a hearing, the exclusion of the affidavit leaves no basis for the granting of a new trial. Thus, we find that the trial court correctly overruled the motion for new trial. The points of error to the contrary are overruled.

The judgment of the trial court is affirmed.

CORNELIUS, Chief Justice, concurring.

I concur in the judgment, but my concurrence is based on reasoning somewhat different from that expressed in the majority opinion.

Tex.R.Crim.Evid. 606(b) is literally contradictory. It provides that on an inquiry into *the validity of a verdict* a juror may not testify to his mental processes. It further

---

2. Examples of such cases are *Brown v. State*, 804 S.W.2d 566 (Tex.App.—Houston [14th] 1991, pet. ref'd) (juror had a "feeling" that the fact that the defendant failed to testify was used against him); *Goldstein v. State*, 803 S.W.2d 777 (Tex.App.—Dallas 1991, pet. ref'd) (defendant was precluded from admitting affidavit of juror as to reasons why juror changed his vote); *Adams v. State*, 744 S.W.2d 622 (Tex.App.—Fort Worth 1988, pet. ref'd) (a juror may not impeach his verdict by testifying as to his mental processes).

states, however, that a juror may testify to *anything* relevant to the *validity of the verdict.* The only way to reasonably harmonize these inconsistent provisions and make sense of the rule is to conclude that "validity of the verdict" means something that would cause the verdict to be set aside, i.e., those things set out in TEX. R.APP.P. 30(b) and the cases decided under that rule and the predecessor statute, TEX. CODE CRIM.PROC.ANN. art. 40.03 (repealed 1986).

A juror's subjective motivation for voting a certain way is not a matter that affects the validity of the verdict unless that motivation is produced by one of the acts or conditions listed in Rule 30(b). Standing alone, then, a juror's subjective decision to vote a certain way in order to avoid criticism is not a matter that affects the validity of the verdict. *Pilot v. State,* 38 Tex. Crim. 515, 43 S.W. 1024 (1898); TEX. R.APP.P. 30(b). Thus, the trial judge correctly refused to consider juror Fulbright's affidavit.

BLEIL, J., concurs.