

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00261-CR
No. 07-24-00262-CR
No. 07-24-00263-CR

**RYAN DUKE MCDONALD, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 084412-D-CR, 084378-D-CR, 084557-D-CR,
Honorable Steven Denny, Presiding

July 2, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Ryan Duke McDonald, Appellant, was convicted by a jury of burglary of a habitation, unauthorized use of a motor vehicle, and evading arrest with a vehicle.[1]  On appeal, Appellant contends that (1) the trial court abused its discretion by failing to hold

---

[1] *See* TEX. PENAL CODE ANN. §§ 30.02(a), (c)(2), 31.07, 38.04(a), (b)(2)(A).

a hearing on his motion for new trial and (2) the judgments should be reformed to delete the assessment of attorney's fees.  We modify the judgments and affirm as modified.

## BACKGROUND

Following Appellant's conviction, the jury assessed his punishment at confinement for fifty years for the burglary charge, twenty years for the evading arrest charge, and two years for the unauthorized use of a vehicle charge, with sentences to run concurrently. Appellant filed a motion for new trial and requested a hearing, which was set for September 16, 2024.  The setting was later vacated and Appellant's motion was overruled by operation of law.  This appeal followed.

## ANALYSIS

Issue 1: Motion for New Trial

Appellant asserts that the trial court abused its discretion by failing to hold a hearing on his motion for new trial, which alleged potential juror misconduct.  We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion.  *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).  We reverse the trial court's decision only if it "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."  *Id.*

Appellant's motion was predicated on Texas Rule of Appellate Procedure 21.3(g), which provides that a defendant "must be granted a new trial, or a new trial on punishment . . . when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial . . . ."  *See* TEX. R. APP. P. 21.3(g).  In support of his

2

motion, Appellant attached a letter that a juror sent to the trial judge expressing concern about the jury's deliberations.[2]  The juror's letter, which was later verified as an affidavit, stated:

> [W]e as a jury did not try to determine what Mr. McDonald's exact time behind bars should eventually be based on guessing about when the prison system might decide to grant him parole, but we definitely did consider what we wanted his absolute minimum time behind bars to be even if paroled and took the parole section of the charge into account when determining that minimum time limit.  My question for you is whether this was jury misconduct?

Generally, a trial court should hold a hearing if the motion for new trial and attached affidavit raise matters that are not determinable from the record and that could entitle the accused to relief.  *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  The purposes of a hearing are to decide whether the case should be retried, give the defendant an opportunity to fully develop the matters raised in his motion, and prepare a record for presenting issues on appeal in the event the motion is denied.  *Smith*, 286 S.W.3d at 338.

A juror's affidavit provides reasonable grounds for a hearing "only if the matter discussed in the affidavit would be admissible in a subsequent hearing on the motion for new trial."  *Dunkins v. State*, 838 S.W.2d 898, 899 (Tex. App.—Texarkana 1992, pet. ref'd).  To establish juror misconduct in a motion for new trial, a defendant is constrained by Rule 606(b) of the Texas Rules of Evidence, which provides:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or

---

[2] The letter was sent by the juror to the trial judge one week after Appellant was sentenced.

any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

TEX. R. EVID. 606(b)(1); *Fino v. State*, No. 05-17-00169-CR, 2018 Tex. App. LEXIS 6340, at *49–50 (Tex. App.—Dallas Aug. 13, 2018, pet. ref'd) (mem. op., not designated for publication). The proffered evidence here, which describes what jurors "definitely did consider" and what they "took . . . into account" is evidence explaining the jury's considerations in reaching its decision. Rule 606(b) prohibits the trial court from considering such evidence. *See Bjorgaard v. State*, 220 S.W.3d 555, 558 (Tex. App.—Amarillo 2007, pet. dism'd) (affidavits that describe collective thoughts of jurors simply impart jurors' "deliberative processes" and are barred by Rule 606(b)).

Without the contents of the juror's affidavit, nothing supports the allegation of potential juror misconduct within Appellant's motion for new trial. We accordingly conclude that the trial court did not abuse its discretion in failing to conduct a hearing on the motion. Appellant's first issue is overruled.

Issue 2: Assessment of Attorney's Fees

Appellant next asserts that the judgment should be reformed to delete the provision requiring him to repay court-appointed attorney's fees and that the bill of costs should be modified to remove the entry related to such fees.

Here, the trial court determined that Appellant was indigent and appointed trial counsel to represent him. Appellant's appellate counsel was also appointed by the trial court. When a defendant is declared indigent, he is presumed to remain indigent for the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). No

evidence was presented regarding any change in Appellant's financial circumstances during the proceedings.

In its judgments, the trial court did not order that Appellant pay court-appointed attorney's fees. However, the certified Bill of Cost attached to each judgment includes the statement, "Please Note – other fees may be applied at a later date: Upon this office reviewing the Judgment, Probation Order, Order Deferring, and Order to pay court appointed attorney. By Statute other fees may apply."[3]

We must delete a statement in a certified bill of cost authorizing the assessment of attorney's fees at a later date when such an assessment is unsupported by evidence of a material change in the defendant's financial circumstances. *See, e.g., Rosales-Ayala v. State*, No. 04-15-00226-CR, 2016 Tex. App. LEXIS 1306, at *2–3 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op., not designated for publication) (deleting assessment of attorney's fees from certified bill of costs in amount "to be determined" where trial court did not order defendant to pay fees for appointed counsel and no evidence presented of any material change in financial circumstances); *see also Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9–10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (in absence of evidence that defendant can pay court-appointed attorney's fees, proper remedy is to reform judgment by deleting provision to repay such fees).

We sustain Appellant's second issue.

---

[3] The Bill of Cost on each judgment lists just two items: county consolidated court costs of $105 and state consolidated court costs of $185.

5

**CONCLUSION**

We modify the Bill of Cost in all three judgments to delete the entry related to an "Order to pay court appointed attorney." In all other respects, the judgments are affirmed.

Judy C. Parker
Justice

Do not publish.