**Reginald Wayne JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–287–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1982.

Donald W. Rogers, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

The appellant was convicted of murder by a Harris County jury which assessed punishment at twenty-five years' confinement.

Appellant's indictment and subsequent conviction arose out of an apparent fistfight between the appellant and Walter Cornett, Jr., which occurred in Houston on November 14, 1978, and which resulted in Cornett's death. The indictment contains two counts,[1] each alleging the cause of death to be "kicking the Complainant's head and striking the Complainant's head against a concrete sidewalk."

At the trial, Dr. Ethel Erickson, the medical examiner who performed an autopsy on Cornett, testified to what she called "a combination diagnosis." She stated the deceased died as a result of "asphyxia due to manual strangulation and blunt trauma to the head."

By his first ground of error, appellant challenges the sufficiency of the evidence by alleging a fatal variance between the allegations of the indictment and the State's proof offered through Dr. Erickson as to the cause of death of the deceased. This ground is without merit.

■ It is an established rule in homicides that, if the act of the defendant alleged in the indictment contributed to the death of the deceased, he is responsible, though there

1. The indictment was made pursuant to Tex.Penal Code Ann. §§ 19.02(a)(1) and (a)(2) (Vernon 1974). It reads, in pertinent part, that the appellant did:

"intentionally and knowingly cause the death of Walter Cornett, Jr., hereafter styled the Complainant, by kicking the Complainant's head and striking the Complainant's head against a concrete sidewalk.

And the Grand Jury further presents that in Harris County, Texas, REGINALD WAYNE JONES, hereafter styled the Defendant, heretofore on or about November 14, 1978, did then and there unlawfully intend to cause serious bodily injury to Walter Cornett, Jr., hereinafter styled the Complainant, and did cause the death of the Complainant by committing an act clearly dangerous to human life, namely, striking the Complainant's head against a concrete sidewalk and kicking the Complainant's head."

were other contributing causes. *Wright v. State,* 388 S.W.2d 703 (Tex.Cr.App.1965.)

Dr. Erickson testified that her medical findings were consistent with the deceased having his head kicked and beaten against a sidewalk. She stated positively that the injury to the deceased's brain caused by the blunt trauma to his head was "an important integral factor of the diagnosis of death."

■ The State was not required to prove beyond a reasonable doubt that the act alleged in the indictment *alone* caused the death. See *Walker v. State,* 440 S.W.2d 653 (Tex.Cr.App.1969). See also 29 Tex.Jur.2d *Homicide* §§ 67, 68. Appellant's first ground of error is overruled.

■ Next, appellant claims that the trial court erred in refusing to submit his proposed jury charge on the law of self-defense. He also maintains that the instruction on self-defense actually submitted was fundamentally erroneous. We cannot sustain either of these contentions.

In essence, appellant contends that the trial court erred in restricting the jury's consideration of the issue of self-defense to the justification for the use of deadly force. See Tex.Penal Code Ann. § 9.32 (Vernon 1974). Appellant's requested instruction concerned the use of *non-deadly* force, in accord with Tex.Penal Code Ann. § 9.31 (Vernon 1974).

Every case cited by the appellant in support of his argument for this instruction was decided under article 1224 of the old penal code.[2] See e.g. *Carter v. State,* 515 S.W.2d 668 (Tex.Cr.App.1974); *Gavia v. State,* 488 S.W.2d 420 (Tex.Cr.App.1973); *Fennell v. State,* 424 S.W.2d 631 (Tex.Cr. App.1968).

Article 1224 provided for justifiable homicide in response to a "milder attack." There is no comparable provision in the present code.

The trial court did not err in restricting the jury to a consideration of justification for the use of deadly force. From the evidence, it is clear that the appellant used deadly force.

■ If the trial court erred in its instruction because, as the appellant contends, there was no evidence that the deceased used deadly force, such error favored the appellant. Without such evidence, no instruction as to use of deadly force in self-defense was required. See Tex.Penal Code Ann. § 9.32 (Vernon 1974). We find no reversible error in the trial court's charge on self-defense. Grounds of error two and three are overruled.

■ In ground of error four, the appellant objects to a portion of the prosecution's final argument at the guilt or innocence phase of the trial as being an improper reference to the expectation of the community of a conviction.

However, our examination of the record reveals no such objection at the trial. Defense counsel's only objection in the portion of the record quoted to this court was simply to argument outside the record. Because this ground does not comport with the specific objection at trial, it fails to present anything for review. *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr.App.1976).

Besides, while we do not recommend the argument in question, or even necessarily approve its use, we are unconvinced that it is of the class condemned as improper appeals based on community expectations. *C.f. Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961) and *Porter v. State,* 154 Tex.Cr.R. 252, 226 S.W.2d 435 (1950). Appellant's fourth ground of error is overruled.

2. Article 1224 reads, in its entirety, as follows:
Defense against milder attack
"Homicide is justifiable also in the protection of the person or property against any other unlawful and violent attack besides those mentioned, and in such cases all other means must be resorted to for the prevention of the injury, and the killing must take place while the person killed is in the very act of making such unlawful and violent attack, and any person interfering in such case in behalf of the party about to be injured is not justified in killing the aggressor unless the life or person of the injured party is in peril by reason of such attack upon his property."

In his fifth ground of error, appellant complains of the following closing argument by the prosecutor as being outside the record:

"The defense attorney's first argument to you says that the dead man started the fight—as if that makes any difference. Maybe it's something that—I just don't know where it comes from. Maybe it's just somewhere in childhood. I don't know. If you will have it read back to you from the defendant's testimony, he will say the fight started, the deadly fight, 'after I touched his shoulder, and then he hit me.' And as he testified to that, I couldn't help but remember back when as a youth on the school ground people putting chips of wood on your shoulder and telling you to knock that off. The defendant knocked that off. He started it."

The trial court overruled the defense objection to the argument, which was brought on the same grounds. The argument was a reasonable deduction from the evidence presented, and was in answer to argument made by the defense concerning blame for the fight's beginning. No error is presented.

Finally, appellant claims that the trial court erred in allowing the prosecution, over defense counsel's objection, to use a written statement to impeach one of its own witnesses. The record does not support this contention. A fair reading of the examination complained of reveals that the State was attempting to clarify the witness' testimony as to the sequence of events, as observed by the witness. There was no attempt to show a prior inconsistent statement. Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.