COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JESUS RODOLFO DURAN,                               )                    No. 
08-01-00512-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                   238th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Midland County, Texas

                                                                              )

Appellee.                           )                        (TC# CR26373)

 

O
P I N I O N

 

Jesus
Rodolfo Duran appeals his conviction for the offense of aggravated sexual
assault of a child.  A jury found
Appellant guilty and assessed punishment at imprisonment for a term of sixty
years.  We affirm.

FACTUAL SUMMARY








Twelve-year-old
Amanda Duran lived with her parents, Carolina Duran and Appellant, and her
brothers and sister in Midland.  Late one
evening in September of 1999, Amanda was in bed asleep.  She woke up because she was in pain and
discovered that Appellant had gotten in her bed, pulled down her pajamas and
put his penis in her rectum.  When she
tried to pull away from him, Appellant stated AI=m almost done, I=m
almost done.@  In a few moments, he got up and left the
room.  Appellant later told Amanda not to
tell anyone or he would hurt her more. 
Appellant had first started touching Amanda inappropriately when she was
about four years of age.  He touched both
her chest and private parts.  When she
was around eight years of age, he began engaging in both vaginal and anal
intercourse with her.  He also made her
touch his penis.  She did not tell anyone
about the abuse until she finally told her fourteen-year-old cousin, Tony
Gonzalez.  On Amanda=s birthday in May of 2000, her parents
separated.  Mrs. Duran and the children
went to Plainview to live with Amanda=s
aunt, Celestina Serrato.  Amanda told
Celestina about the sexual abuse. 
Celestina told Mrs. Duran who called the police to make a report.  Mrs. Duran and Amanda later went to Midland
in order to file a complaint.

Amanda=s brother, Jesus, saw Appellant enter
their bedroom one night and go to Amanda=s
bed.  He got under the covers and after a
while, Jesus heard Appellant state that he was almost finished.  Appellant then got up and left the room.

After
the report was filed with the police, Amanda was interviewed by Andra K.
Chamberlin at the Midland Rape Crisis and Children=s
Advocacy Center.  Chamberlin=s goal in interviewing children is to
discern whether abuse occurred, and if so, the details of the abuse.  She is aware of  cases in which children have made false
allegations, although such cases are rare. 
When interviewing a child who has made an outcry of sexual abuse, she
considers several factors, including the timing and circumstances of the disclosure,
whether the language used to describe the abuse is appropriate for the child=s age, whether the child provides
contextual details, appropriateness of the child=s
sexual knowledge based on age, consistency of the core details, details about
how the abuser gained access to the child or whether the abuser Agroomed@
the child, plausibility of the child=s
description of the abuse, and the child=s
emotional reaction during the interview. 
Chamberlin did not offer a direct opinion that Amanda was truthful but
she assessed her interview in terms of these criteria.








A
sexual assault nurse, Lynn Glasscock, examined Amanda and found evidence of
scarring on the hymen.  Her findings were
consistent with sexual assault. 
Additionally, Glasscock determined that Amanda=s
anal sphincter did not function correctly as the result of direct trauma to the
anal opening such as would occur with anal penetration.  This finding is consistent with Amanda=s outcry of sexual assault.  

A
grand jury returned a two paragraph indictment against Appellant for aggravated
sexual assault of Amanda.  The first
paragraph alleged that he penetrated her anus with his penis.  The second paragraph alleged vaginal
penetration.  After trial began but
before any testimony was heard, the State abandoned paragraph two.  The jury found Appellant guilty of aggravated
sexual assault by anal penetration as alleged in paragraph one of the
indictment.

TRUTHFULNESS OF COMPLAINANT

In
Point of Error No. One, Appellant argues that the trial court abused its
discretion by permitting Andra Chamberlin to offer an opinion that Amanda was
truthful.  Appellant admits that
Chamberlin did not directly testify that the complainant was truthful but he
asserts that she should not have been permitted to testify that it is rare for
a child to falsify an allegation of sexual abuse.  He also contends that the trial court erred
in allowing her to testify that Amanda=s
story was plausible.

Preservation of Error








With
respect to Appellant=s
complaint that Chamberlin should not have been permitted to testify that it is
rare for a child to make up an allegation of sexual abuse, Appellant has waived
any error because he failed to object at trial. 
As a prerequisite to presenting a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely
request, objection, or motion, and the trial court ruled on the request, objection,
or motion.  Tex.R.App.P. 33.1(a)(1) and (2); Tucker v. State, 990
S.W.2d 261, 262 (Tex.Crim.App. 1999). 
Further, a party must continue to object every time inadmissible
evidence is offered.  Ethington v.
State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); Gillum v. State,
888 S.W.2d 281, 285 (Tex.App.‑-El Paso 1994, pet. ref=d); Tex.R.App.P.
33.1.  By failing to make any objection
to this statement, Appellant waived his complaint.

Chamberlin
testified that one of the criteria she considers is the plausibility of the
description of the abuse, or in other words, whether it is believable that the
abuse happened in the way the child said it did.  Appellant objected Ato
anything about plausibility.@  A general objection is normally insufficient
to preserve error.  Lewis v. State,
664 S.W.2d 345, 349 (Tex.Crim.App. 1984). 
However,  in this case it appears
the trial court understood the nature of Appellant=s
objection because he did not permit the witness to go further and testify as to
her conclusion regarding the plausibility of the complainant=s allegation.  Because the trial court sustained Appellant=s objection and instructed the jury to
disregard the testimony, Appellant obtained all the relief he requested at
trial.  Having failed to request a
mistrial, he did not pursue his complaint to an adverse ruling.  See Brooks v. State, 642 S.W.2d 791,
798 (Tex.Crim.App. 1982)(the proper method of pursuing an objection until an
adverse ruling is to (1) object, (2) request an instruction to disregard, and
(3) move for a mistrial).  Point of Error
No. One is overruled.

IMPROPER COMMENTS DURING OPENING STATEMENT








In
Points of Error Nos. Two and Three, Appellant contends that the trial court
erred in overruling his objections to comments made by the prosecutor during
the State=s opening
statement.  After describing the facts
she believed the State would prove regarding the sexual abuse, the prosecutor
stated:

[The
prosecutor]:  Now, there=s going to be a lot of other witnesses,
I imagine four or five, six other witnesses that the State=s going to bring to help corroborate
Amanda=s story,
and I=m sure
the defense attorney, who does a good, job will raise all sorts of smoke
screens.  Oh, the child=s been manipulated, oh, children lie --
[Emphasis added].

 

[Defense
counsel]:  I=m
going to object, Your Honor.  That=s improper opening statement.

 

[The
prosecutor]:  Responding to his voir
dire, Your Honor.

 

[The trial
court]:  Continue.  Objection is overruled.

 

[The
prosecutor]:  All sorts of little rabbit
trails, but I want you all to remember one thing, and that is why we are here
this week, and why we are here this week is about Amanda, because she has been
the victim of sexual assault for 12 years.

 

In
Point of Error No. Two, Appellant argues that the above highlighted comments
discredited counsel and constituted an attack on Appellant over the shoulders
of his attorney.  To preserve error for
review on appeal, a defendant=s
complaint on appeal must comport with the objection raised at trial.  Santellan v. State, 939 S.W.2d 155,
171 (Tex.Crim.App. 1997).  Because
Appellant=s general
objection at trial that the prosecutor=s
comments were improper opening argument does not comport with the argument made
on appeal regarding the attack on counsel, the issue is waived.  See Jones v. State, 644 S.W.2d 530,
532 (Tex.App.--Corpus Christi 1982, no pet.). 
Point of Error No. Two is overruled.

In
Point of Error No. Three, Appellant challenges the prosecutor=s allegedly erroneous assertion during
her opening statement that the victim had been endured sexual abuse for twelve
years.  The contention is waived because
Appellant did not object at trial.  See
Tex.R.App.P. 33.1.  Point of Error No. Three is overruled.








IMPROPER CLOSING ARGUMENT

In
Point of Error No. Four, Appellant asserts that the prosecutor made an improper
final argument by stating the following:

There is no
motive.  Spouses do want to be mean.  Sometimes spouses are mean to each other in
divorces.  Carolina Duran was on the
stand.  Did he ever develop that?  Where is the meanness, where is the
spite?  She wanted out because he drinks
too much and doesn=t
provide, and one other reason.  Not
meanness.  She just wanted out.  

 

Appellant argues
that the testimony is improper because the prosecutor speculated about Mrs.
Duran=s
testimony on the reasons for her divorce. 
He did not, however, make any objection to the argument.  Consequently, nothing is preserved for our
review.  See Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Crim.App. 1996). 
Point of Error No. Four is overruled.

IMPROPER
FINAL ARGUMENT, BOLSTERING

AND
CUMULATIVE ERROR

 

In
his final point of error, Appellant makes multiple arguments.  First, he argues that the prosecutor made an
improper final argument by pointing out the credentials and experience of the
police officers, the sexual assault nurse, and the child advocacy expert.  According to Appellant, this constitutes
improper bolstering of the witnesses. 
Appellant made no objection to this argument.  Therefore, it is waived.  See Cockrell, 933 S.W.2d at 89.  Even if it had been preserved, the prosecutor
did nothing more than summarize the evidence admitted in the case.  As such, her argument was proper.  See Morales v. State, 11 S.W.3d 460,
463 (Tex.App.--El Paso 2000, pet. ref=d)(proper
jury argument consists of: (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and
(4) a plea for law enforcement).








Appellant
argues that the cumulative effect of this error couple with the errors
discussed in Points of Error Nos. One and Four require reversal.  Cumulative error, however, concerns
performance of a harm analysis once multiple errors have been established.  See Chamberlain v. State, 998 S.W.2d
230, 238 (Tex.Crim.App. 1999), cert. denied, 528 U.S. 1082, 120 S.Ct.
805, 145 L.Ed.2d 678 (2000).  Because any
error is waived, the doctrine of cumulative error is not applicable.  Point of Error No. Five is overruled.  Having overruled each point of error, we
affirm the trial court=s
judgment.

 

 

January 30, 2003

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)